# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Haji Wazir,** *et al.,*            ) | |
|                                     ) | |
|         **Petitioners,**        ) | |
|                                     ) | |
|     v.                                     ) | **Civil Action No. 1:06-cv-01697 (RBW)** |
|                                     ) | |
| **DONALD RUMSFELD,** *et al.,*   ) | |
|                                     ) | |
|         **Respondents.**      ) | |

## JOINT STATUS REPORT

The parties, by their respective undersigned counsel, hereby respectfully submit this status report pursuant this Court's Order of July 18, 2008. The parties previously had informed the Court in their status report of June 27, 2008 that because of identification issues due to the number of detainees with names similar to those of the petitioners, the parties were unable to provide the Court with information as to the status of each of the petitioners in the case, including whether the petitioner has been released from the custody of the United States or transferred to another detention facility within Afghanistan or another country. The parties further informed the Court that they expected to be able to resolve this situation, or at least to provide further information regarding the status of the identification process, on or before July 28, 2008. As of the filing of this Joint Status Report, however, the parties are unable to provide the information requested by the Court because they are unable to agree on how to resolve the identification issue. The parties' respective positions are provided below:

**Petitioners' Position**

The International Committee of the Red Cross (ICRC) has informed petitioners' relatives (who appear as "next friends" on behalf of detainee petitioners) that the prisoner is being held at Bagram. The Petition provides identification information regarding each petitioner as well as his next friend and relationship to him. Petitioners' counsel believe this information is sufficient to identify the prisoners, as family members of detainees have written to their relatives at Bagram via the ICRC by providing this very same information.

Given that petitioners are being held virtually incommunicado, and that petitioners' counsel is being denied access to their clients at Bagram, defendants should make reasonable efforts to identify petitioners using the information provided by petitioners. It should not be overly burdensome for defendants to narrow down the prison population by name, and ask those with the same or similar names whether they have a relative (for example a brother) with the same name as next friend petitioners.

In the unlikely event that there are multiple petitioners who not only share the same name (for example "Haji Wazir"), but also have a relative with the same name and relationship to the prisoner (for example, "a cousin named Mohammad Sharif"), petitioners are willing to providing additional identification information, provided that it will be used only for identification purposes and not for intimidating, harassing or interrogating the prisoner. Petitioners' counsel is willing to enter into an appropriate agreement or stipulation with defendants' counsel providing for the exchange of additional identification information in the event of a double-match situation described above where both petitioner and next friend names are identical.

**<u>Respondents' Position</u>**

On September 29, 2006, the petitioners filed the present *habeas corpus* petition regarding four Afghan citizens whom their Next Friends believe are detained by the United States at the U.S. military base in Bagram, Afghanistan ("Bagram"). The habeas petition provided the names of those four Afghan citizens as well as their Next Friends. Three of the Next Friends are alleged to be cousins of the detainees, and one is alleged to be an uncle, although one of the cousins also appears to be a son-in-law, *see* Habeas Petition para. 16. The petition provided no other identifying information of the four petitioners believed to be held at Bagram. Using the only three available pieces of information about those petitioners – name, nationality and the date of the habeas petition – the Department of Defense ("DoD") was unable to determine whether the four petitioners are currently, or were previously, detained at Bagram. As respondents have informed petitioners' counsel, given the similar names and aliases of Afghan citizens currently or previously detained at Bagram, DoD cannot confirm the identities of the petitioners without additional information from the Next Friends. For example, of the Afghan citizens who have already been released from Bagram, eighteen have the same or similar name as petitioner Gul Mohammad, seven have the same or similar name as petitioner Mohammad Omar, five have the same or similar name as petitioner Haji Wazir, and four have the same or similar name as petitioner Haji Naqib. Respondents therefore have requested petitioners' counsel to provide, with respect to each of the four petitioners, the father's name – which is the most significant identifying information – the approximate age of the petitioner (or the date of birth), the place of capture if known, the approximate year of capture if known, or any other unique information about the petitioner.

Indeed, in all other habeas petitions filed by Bagram detainees that are currently pending in this Court, DoD was given the petitioner's father's name, the approximate age of the petitioner, and the city of the petitioner's origin or last known residence. In addition, with respect to one or more petitioners, DoD was provided with a description of the petitioner's physical characteristics, the approximate month and year of the petitioner's capture, and the place of capture. In all these cases, DoD was able to use the identifying information to determine whether it had in its custody an individual of the same nationality as the petitioner at Bagram whose name was the same as, or closely similar to, the petitioner's name and whose father's name was the same as, or closely similar to, the name of the petitioner's father.

Here, in contrast, without any of the above identifying information, DoD is unable to determine on whose behalf habeas relief is purportedly being sought. There is no adequate indication as to why the Next Friends think that the petitioners are detained at Bagram, other than the simple statement that the Next Friends have been so informed by the International Committee of the Red Cross ("ICRC"). Indeed, in all the other cases discussed above, the habeas petitions indicated that all except for one petitioner have sent correspondence to their family members via the ICRC.[1] As for the one petitioner who did not contact his family through the ICRC, the habeas petitioner indicated that his family was advised of his detention at Bagram by a family friend who had also been held at Bagram.

Petitioners' counsel, whose clients are purportedly invoking the jurisdiction of this court, have stated their belief that it is DoD's burden to provide information regarding their clients' status. Petitioners' counsel have not provided a satisfactory explanation as to why they cannot obtain the information from the Next Friends, who purportedly authorized the filing of this

---

[1] DoD has registered individuals held under its control at Bagram with the ICRC and the National Detainee Reporting Center. The ICRC has regular access to this facility and conducts private interviews with detainees. Additionally, representatives of the Government of Afghanistan have access to Afghan detainees at Bagram.

4

habeas petition, or how counsel themselves intend to identify their clients. In fact, if the Next Friends intend to provide photographs to petitioners' counsel for identification purposes, that same information could be provided to DoD as well to allow DoD's identification.

Accordingly, DoD intends to move to dismiss this habeas petition for lack of jurisdiction, if it is not provided with the identifying information necessary to allow DoD to verify whether it previously has detained, or is currently detaining, the four Afghan citizens at issue here. Respectfully submitted,

By:   /s/ Kathleen Kelly
BARBARA OLSHANSKY
KATHLEEN KELLY
International Human Rights Clinic
Stanford Law School
559 Nathan Abbott Way
Stanford, CA, 94305
Tel. 650.736.2312, 650.721.5885
Fax 650.723.4426

TINA MONSHIPOUR FOSTER
International Justice Network
P.O. Box 610119
New York, NY 11361-0119
Tel. 917.442.9580

*Attorneys for Petitioners*

Dated: July 28, 2008

By:   /s/ Jean Lin
Attorneys for Respondents
Judry Subar
Jean Lin
U.S. Department Of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel (202) 514-3716
Email:  jean.lin@usdoj.gov